UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-835 |
| | § | |
| NANCY IDALIA HERNANDEZ | § | |

# **ORDER**

Pending before the Court is Nancy Hernandez' Motion to Change Method by Which Balance of Sentence Is Served. D.E.41. The motion is DENIED.

Hernandez was sentenced to 6 months imprisonment, 6 months home confinement, and 3 months supervised release in February 2013 after her plea of guilty to Transporting Unlawful Aliens Within the United States. D.E. 32. She seeks an Order allowing her to serve additional days on home confinement on the grounds that she has four children who live with her husband. She alleges that he is having difficulties caring for their children because he works full time.

A federal court generally "may not modify a term of imprisonment once it has been imposed." Dillon v. United States, — U.S. ----, 130 S. Ct. 2683, 2687 (2010); see also Freeman v. United States, — U.S. ----, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence modifications). This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Ross, 557 F.3d 237, 238 (5th Cir. 2009); United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are: (1) upon

a motion for reduction by the Director of the Bureau of Prisons, after review of the relevant statutory factors, if there are "extraordinary and compelling factors" warranting such a reduction; (2) to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; and (3) if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statements. Ross, 557 F.3d at 238; 18 U.S.C. § 3582(c). None of these provisions are implicated by Hernandez' motion.

Furthermore, the Bureau of Prisons has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B).

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable . . . .

Id.

Rodriguez relies upon 42 U.S.C. § 13882 as authority for her request for home confinement. That provision is part of the Family Unity Demonstration Program which encouraged state and federal facilities to develop residential facilities to be used for eligible offenders and their children under 7 years of age. It does not authorize home confinement. The federal portion of the program grants to the Attorney General, acting through the Director of the Bureau of Prisons, the authority to select eligible prisoners. 42 U.S.C. § 13901(a). This program does not relieve the Bureau of Prisons of its exclusive

authority to determine the appropriate facility for each prisoner, not does it grant this Court the authority to modify a sentence. See <u>United States v. Goforth</u>, 2010 WL 3167359 at *1 (W.D.N.C., Aug.9, 2010) (designated unpublished)("no portion of [section 13901] authorizes a sentencing court to modify a sentence once imposed."); <u>see also</u> <u>United States v. Wright</u>, 2008 WL 4219076 at *1 (D. Utah, Sept. 15, 2008) (designated unpublished).

 Hernandez' motion (D.E. 41) is DENIED.

 SIGNED and ORDERED this 12th day of June, 2013.

          _____
            Janis Graham Jack
          Senior United States District Judge